**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3019
_____

UNITED STATES OF AMERICA

v.

TODD FRANKLIN STYDINGER,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:21-cr-00341-001)
District Judge: Hon. Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Filed: May 29, 2025)
_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Todd Franklin Stydinger pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), admitting to possessing 198 pictures and seventy-three videos documenting sexual abuse of children. Stydinger argues the District Court incorrectly included the frames contained in his seventy-three videos as "images" under United States Sentencing Guideline § 2G2.2(b)(7).[1] He is incorrect.

The District Court applied the reasoning we would adopt in *United States v. Haggerty*, that "[o]rdinary usage makes plain that an 'image' is a fixed visual representation," which "is synonymous with 'frame' in the video context." 107 F.4th 175, 184–85 (3d Cir. 2024). And the District Court reasonably relied on evidence that just three of Stydinger's seventy-three videos contained 1,680 frames of children suffering sexual abuse. So there is no error in the District Court's judgment to apply the enhancement in § 2G2.2(b)(7)(D), and we will affirm.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over an interpretation of the Sentencing Guidelines, *United States v. Nasir*, 17 F.4th 459, 468 (3d Cir. 2021) (en banc), and review for clear error a "district court's application of the Guidelines to a specific set of facts," *United States v. Caraballo*, 88 F.4th 239, 243 (3d Cir. 2023) (quoting *United States v. Richards*, 674 F.3d 215, 219 (3d Cir. 2012)).